IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUAN ANTONIO RODRIGUEZ, § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> SINGH MANDEEP AND JHB § <br> TRUCKING, INC., § <br> *Defendants.* § | § <br> § <br> § <br> CIVIL ACTION NO. 5:23-cv-01388 <br> JURY DEMAND <br> § <br> § <br> § |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

To the Honorable Judge of Said Court:

COMES NOW Plaintiff Juan Antonio Rodriguez, and through agreement by the parties, files this his Amended Complaint against of Defendants Singh Mandeep, JHB Trucking, Inc., and Kuldeep Singh. For cause of action, Plaintiff would respectfully show the Honorable Court and Jury the following:

### 1.   PARTIES

1.1.   Plaintiff Juan Antonio Rodriguez ("Rodriguez") is an individual and resides in Texas.

1.2.   Defendant Singh Mandeep ("Mandeep") is an individual and non-resident of the State of Texas and has filed an answer in this matter.

1.3.   Defendant JHB Trucking, Inc. ("JHB Trucking") is a corporation doing business in Texas and has filed an answer in this matter.

1.4.   Defendant Kuldeep Singh ("Kuldeep") is an individual and non-resident of the State of Texas. Defense counsel has agreed to accept service for Kuldeep Singh.

## 2.     MISNOMER, ALTER-EGO, ASSUMED NAME

3.1    In the event any parties are misnamed or not included herein, such event was a misnomer, or such parties are or were alter egos of parties named herein.

3.2    Pursuant to Texas Rules of Civil Procedure 28, Plaintiff hereby gives Defendants notice that they are being sued in all of their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and or private corporations.

## 3.     BACKGROUND

3.1.    On or about Friday, June 23, 2023, at about 4:53 p.m., Rodriguez was lawfully operating a 2018 Chevrolet Camaro.  Plaintiff was traveling westbound on IH-10 in Guadalupe County, Texas when he slowed down due to traffic.

3.2.    At the same date and time, Defendant Mandeep or Defendant Kuldeep ("Mandeep/Kuldeep") was operating a commercial motor vehicle (Freightliner tractor) for Defendant JHB Trucking while hauling a trailer traveling west on IH-10.  Although it was clear that considerable traffic on I-10 was slowing down, Mandeep/ Kuldeep failed to control his speed and collided with the rear area of Rodriguez's vehicle. There were close to 20 vehicles in or around Mandeep/ Kuldeep's vehicle that were slowing down.  Yet, he failed to adjust to the traffic conditions.  His failure to adjust such a large vehicle to the traffic conditions for such a prolonged period are clear indications that he was distracted, and his attention was somewhere other than the area that he was driving into. Defendant showed a clear disregard for the safety of others and his actions clearly presented an elevated risk of serious injury or death.  The investigating officer concluded that "[Defendant] is at fault here due to not being able to control the unit's speed when traffic was slowing down."  Below is the diagram from the Texas Peace Officer's Crash Report:

[Diagram of roadway showing vehicles on 1200 IH-10 W and 1200 IH-10 E, with labels "Unit 3" and "Unit 1 & 2"]

3.3.   Defendant JHB Trucking, Inc. owned, operated, controlled, and maintained the commercial motor vehicle that Mandeep/ Kuldeep was operating and that caused the collision with the vehicle Rodriguez was driving.

3.4.   Defendant JHB Trucking hired, qualified, supervised, and retained Mandeep/ Kuldeep. At all times relevant to this lawsuit, Mandeep/ Kuldeep was acting in the course and scope of his actual or statutory employment with Defendant JHB Trucking. JHB Trucking is vicariously liable for the negligence, reckless actions and omissions, and gross negligence of Mandeep/ Kuldeep.

## 4.   NEGLIGENCE AND GROSS NEGLIGENCE OF SINGH MANDEEP

4.1.   Singh Mandeep ("Mandeep") and was negligent in the operation of the commercial motor vehicle. Mandeep or the operator of Defendant's commercial motor vehicle was negligent and grossly negligent in the operation of the company motor vehicle. Specifically, Mandeep or the operator:

4.1.1.   Failed to keep a proper lookout;

4.1.2.   Failed to exercise due care to avoid collision;

4.1.3. Failed to safely operate the vehicle;

4.1.4. Failed to maintain a safe driving distance;

4.1.5. Failed to follow safety industry practices in maintaining space management and a safe following distance;

4.1.6. Failed to control speed;

4.1.7. Used poor driving judgement while operating the vehicle; and

4.1.8. Failed to appropriately inspect the vehicle.

4.2. As part of being a qualified and competent driver of a commercial vehicle, Mandeep or the operator was required to have knowledge and skills of proper space and speed management—the procedures and techniques for controlling the space around the vehicle, including:

4.2.1. Controlling space ahead/to the rear;

4.2.2. Space to the sides; and

4.2.3. Space for traffic gaps.

4.3. As part of being a qualified driver of a commercial vehicle, Mandeep or the operator was required to have knowledge and skills of proper speed and space management—the importance of understanding the effects of speed and distance.

4.4. Mandeep or the operator clearly did not have the required knowledge and skill or clearly disregarded such necessary knowledge and skill given the industry standard is to always maintain a safe speed and following distance. This standard is specific and governs this situation or is an element of a duty of care applicable to Mandeep and Defendant.

4.5. Mandeep or the operator was more than simply negligent. His actions and omissions constitute gross negligence as defined under Texas law.

4.6.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiffs' damages and injuries, which are described below with more particularity.

4.7.    Defendant JHB Trucking. is vicariously liable for the negligence of Mandeep or the operator under the statutory employment doctrine as well as the doctrine of *Respondeat Superior*.

4.8.    Mandeep's actions were more than simple negligence. While operating a large commercial vehicle he "failed to maintain a safe speed and following distance" on a highway. Mandeep clearly did not have the required knowledge and skill to operate a commercial motor vehicle or clearly disregarded such necessary knowledge and skill given the industry standard is to maintain a safe speed and following distance from other drivers. This standard is specific and governs this situation or is an element of a duty of care applicable to Mandeep and Defendants. Mandeep's actions and omissions constitute gross negligence as defined under Texas law.

4.9.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

**5.    NEGLIGENCE AND GROSS NEGLIGENCE OF KULDEEP SINGH**

5.1.    Kuldeep Singh ("Kuldeep") and was negligent in the operation of the commercial motor vehicle. Kuldeep or the operator of Defendant's commercial motor vehicle was negligent and grossly negligent in the operation of the company motor vehicle. Specifically, Kuldeep or the operator:

5.1.1.  Failed to keep a proper lookout;

5.1.2.  Failed to exercise due care to avoid collision;

5.1.3.  Failed to safely operate the vehicle;

5.1.4. Failed to maintain a safe driving distance;

5.1.5. Failed to follow safety industry practices in maintaining space management and a safe following distance;

5.1.6. Failed to control speed;

5.1.7. Used poor driving judgement while operating the vehicle; and

5.1.8. Failed to appropriately inspect the vehicle.

5.2. As part of being a qualified and competent driver of a commercial vehicle, Kuldeep or the operator was required to have knowledge and skills of proper space and speed management—the procedures and techniques for controlling the space around the vehicle, including:

5.2.1. Controlling space ahead/to the rear;

5.2.2. Space to the sides; and

5.2.3. Space for traffic gaps.

5.3. As part of being a qualified driver of a commercial vehicle, Kuldeep or the operator was required to have knowledge and skills of proper speed and space management—the importance of understanding the effects of speed and distance.

5.4. Kuldeep or the operator clearly did not have the required knowledge and skill or clearly disregarded such necessary knowledge and skill given the industry standard is to always maintain a safe speed and following distance. This standard is specific and governs this situation or is an element of a duty of care applicable to Kuldeep and Defendant.

5.5. Kuldeep or the operator was more than simply negligent. His actions and omissions constitute gross negligence as defined under Texas law.

5.6. Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiffs' damages and injuries, which are described below with more particularity.

5.7. Defendant JHB Trucking. is vicariously liable for the negligence of Kuldeep or the operator under the statutory employment doctrine as well as the doctrine of *Respondeat Superior*.

5.8. Kuldeep's actions were more than simple negligence. While operating a large commercial vehicle he "failed to maintain a safe speed and following distance" on a highway. Kuldeep clearly did not have the required knowledge and skill to operate a commercial motor vehicle or clearly disregarded such necessary knowledge and skill given the industry standard is to maintain a safe speed and following distance from other drivers. This standard is specific and governs this situation or is an element of a duty of care applicable to Kuldeep and Defendants. Kuldeep's actions and omissions constitute gross negligence as defined under Texas law.

5.9. Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

## 6. NEGLIGENCE PER SE

6.1. Additionally, Defendants are liable for damages to the Plaintiff for actions of Mandeep and/or Kuldeep which constitute negligence per se, as the term is defined by law, by violating one of more of the following statutes, said violation proximately causing the occurrence in question and the damages to the Plaintiff:

6.1.1. Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

6.1.2. Failing to control the speed of his vehicle Transportation Code §545.351;

6.1.3. Failing to keep distance of his vehicle Transportation Code §545.062.

6.2. Plaintiff alleges that each and every, all and singular unreasonable and unjustified violations of the aforementioned statutory provision on the part of the Defendants, their agents, servants, employees and/or statutory employees, constitute negligence per se which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

6.3. Mandeep and/or Kuldeep's actions and omissions involved an extreme degree of unnecessary risk, considering the probability and magnitude of the potential harm to others and it was subjectively aware of such risk. Defendant's independent actions and omissions constitute gross negligence and were a proximate cause of the occurrence and Plaintiffs' injuries and damages.

## 7. NEGLIGENCE AND GROSS NEGLIGENCE OF JHB TRUCKING, INC.

7.1. Further, Defendant JHB Trucking was independently and directly negligent. Defendant JHB Trucking owed a duty of care to take steps to prevent injury to the driving public by, among other things, determining the competency of a job applicant to drive one of its trucks, adequately supervising its employee-drivers, and adequately exercising control over its drivers and their driving habits. The reason for this duty of care is to promote highway safety and prevent motor vehicle collisions. Defendant JHB Trucking had and superficially assumed the duty to hire, supervise, train, and retain only safe and qualified drivers and to keep unsafe and unqualified drivers like Mandeep and/or Kuldeep off public roads.

7.2. Defendant JHB Trucking hired, qualified, supervised, and retained Mandeep and/or Kuldeep. At all times relevant to this lawsuit, Mandeep and/or Kuldeep was acting in the course and scope of his actual or statutory employment with Defendant JHB Trucking. JHB Trucking is

vicariously liable for the negligence, reckless actions and omissions, and gross negligence of Mandeep and/or Kuldeep.

7.3. Defendant JHB Trucking committed acts of omission and commission, which collectively and severally constituted negligence, gross negligence, and which were proximate causes of the occurrence and injuries made the basis of this lawsuit and all of Plaintiff's resulting damages. Defendant JHB Trucking's negligent acts include, but are not limited to:

7.3.1. Failure to appropriately and adequately train Mandeep and/or Kuldeep;

7.3.2. Failure to appropriately and adequately hire Mandeep and/or Kuldeep;

7.3.3. Failure to appropriately and adequately supervise Mandeep and/or Kuldeep;

7.3.4. Failed to appropriately and adequately evaluate Mandeep and/or Kuldeep's ability to maintain a safe speed and following distance;

7.3.5. Failed to appropriately and adequately evaluate Mandeep and/or Kuldeep's ability to understand and implement proper space and speed management procedures and industry standards;

7.3.6. Failure to enforce or implement progressive discipline policies;

7.3.7. Failure to have or enforce safety policies such as maintaining a safe speed and following distance;

7.3.8. Negligently entrusted the commercial motor vehicle to Mandeep and/or Kuldeep; and

7.3.9. Negligently hired and assigned Mandeep and/or Kuldeep the job when he was not competent to perform such job under the known conditions.

7.4. Each of the foregoing negligent acts or omissions of Defendants, whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and Plaintiff's damages, which are described below with more particularity.

7.5. Defendant was more than simply negligent. Defendant's actions and omissions constitute gross negligence as defined under Texas law.

## 8. DAMAGES TO JUAN ANTONIO RODRIGUEZ

8.1. As a proximate result of the collision and of the negligence of the Defendants, Plaintiff suffered injuries and the following damages:

8.1.1. Reasonable and necessary medical expenses in the past;

8.1.2. Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

8.1.3. Physical pain suffered in the past;

8.1.4. Physical pain which, in all reasonable probability, will be suffered in the future;

8.1.5. Mental anguish suffered in the past;

8.1.6. Mental anguish which, in all reasonable probability, will be suffered in the future;

8.1.7. Physical impairment in the past;

8.1.8. Physical impairment which, in all reasonable probability, will be suffered in the future;

8.1.9. Disfigurement in the past;

8.1.10. Disfigurement which, in all reasonable probability, will be suffered in the future;

8.1.11. Loss of earning capacity or lost earnings in the past;

8.1.12. Loss of earning capacity which, in all reasonable probability, will be suffered in the future.

8.1.13. Property Damages to the vehicle and personal property; including costs of repair, loss of use, diminution of value, and the difference in market value.

8.2.  Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court, such monetary relief being over $250,000.00 with the final awarded amount to be just and fair as decided by a jury of Plaintiff's peers.

## 9. JURY DEMAND

9.1.  Plaintiff respectfully requests a jury trial and has tendered the appropriate fee.

## 10. PRESERVATION OF EVIDENCE

10.1.  Plaintiff hereby demands Defendants, and any entities or individuals acting in concert with Defendants, preserve and maintain all of the evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including, but not limited to, electronic data, documents, and tangible items responsive to any of the discovery requests made by Plaintiff and also made the subject of any preservation letter delivered to Defendants.

10.2.  Plaintiff hereby also demands Defendants preserve, maintain, and do not alter or modify the vehicle involved in this crash, all its components, and the electronic data stored within this vehicle or data stored elsewhere that pertains to this vehicle.

10.3.  Plaintiff hereby also demands Defendants preserve, maintain, and do not alter or modify all communication devices within the vehicle involved in this crash and the data, images, and recordings created or stored within the communication device or elsewhere.

## 11. PRAYER

11.1.  Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged in a total amount in excess of $250,000.00, such amount being within the jurisdictional limits of this Court.  Plaintiff seeks pre-judgment interest as allowed by Texas law.

11.2.  Wherefore, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial of this cause, Plaintiff recovers:

11.2.1. Judgment against Defendants for Plaintiff's compensatory, actual, exemplary, and punitive damages as set forth above;

11.2.2. Pre-judgment interest on Plaintiff's damages as allowed by law;

11.2.3. Interest on the judgment at the legal rate from the date of judgment;

11.2.4. Costs of court, and

11.2.5. Such other and further relief to which Plaintiff may be entitled.

                Respectfully submitted,

**MALTOS LAW FIRM, PLLC**
5500 UTSA Blvd., Ste. 270
San Antonio, TX 78249
Office:  210/598-8474
Fax:    210/775-5009
E-Service:  e-serve@maltoslaw.com

By: */s/ Manuel C. Maltos*
MANUEL C. MALTOS
State Bar No. 24050985
Southern District No. 1137060
ATTORNEY-IN-CHARGE
DIEGO J. LEVY
State Bar No. 24115016
Email:  manuel@maltoslaw.com
        diego@maltoslaw.com
        denise@maltoslaw.com

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF CONFERENCE

I, Manuel Maltos, spoke with Daniel Paret, counsel for Defendant, and he is not opposed to the filing the Amended Complaint.

/s/ *Manuel Maltos*
MANUEL C. MALTOS

## CERTIFICATE OF SERVICE

I certify that on February 2, 2024 a copy of this First Amended Complaint was filed with the Court and served on all parties and/or counsel of record via email.

Daniel J. Paret, Texas State Bar No. 24088181
Chase S. Hill, State Bar No. 24138310
**WOOD SMITH HENNING & BERMAN, LLP**
1790 Hughes Landing, Blvd., Suite 400
Houston, Texas 77380
Office: 469/210-2050
Fax: 469/210-2051
Email: dparet@wshblaw.com
chill@wshblaw.com

*ATTORNEYS FOR DEFENDANTS JHB TRUCKING, INC. AND SINGH MANDEEP*

/s/ *Manuel C. Maltos*
MANUEL C. MALTOS